### SINGER et al. v. MEYER.

(Supreme Court, Appellate Term. May 27, 1909.)

1. FRAUDS, STATUTE OF (§ 45*)—CONTRACT OF EMPLOYMENT—TERM.
   A contract, not made until several days after January 1, 1908, for services for a term to expire December 31, 1908, was not within the statute of frauds.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 67–71; Dec. Dig. § 45.*]

2. MASTER AND SERVANT (§ 41*)—CONTRACT OF EMPLOYMENT—BREACH.
   An employé, suing for breach of the contract of employment, is not entitled to damages for the period he was prevented from working under the contract, in the absence of evidence that he was damaged.

   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 41.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Singer and another against Nicholas Meyer. From a Municipal Court judgment for plaintiffs, defendant appeals. Modified and affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Thomas Moore Simonton, for appellant.
Max Sheinart, for respondents.

DAYTON, J. Plaintiff claimed under an oral contract for $550, payable $40 per month on account, whereby he agreed to keep in ordinary repair 22 of defendant's wagons, and was to be paid extra for work done on other wagons, or on any of the 22 wagons injured by collision or unusual accident, and was to receive the retained $5.83 per month at the end of the year as a guaranty of faithful performance. The contract began January 1, 1907, and was for one year. The $40

per month was paid to and including August, 1908, when defendant refused to continue the contract. Plaintiff's bill of particulars is as follows:

| | |
|---|---:|
| Balance for work done during the months of January, February, March, April, May, June, July, and August, 1908, at $5.83 per month | $ 43 64 |
| To work, labor, and services, and materials furnished, pursuant to contract, during the months of September, October, November, and December, 1908, at the agreed price of $45.83 per month | 183 32 |
| To extra work during said period | 125 40 |
| | $352 26 |

The case was tried without a jury, there was a conflict of testimony on several material points, and the court gave judgment for plaintiff in the full amount, from which the defendant appeals.

The evidence showed that a similar contract for $500 had existed between these parties for the year 1906–07, the monthly payments being $35, and for that year defendant paid plaintiff up to January, 1908, $795, making $295 for extra work. The parties entered upon and continued the performance of the renewal contract for eight months. This contract necessarily was to have been performed within one year, for the reason that it was not made until several days after January 1, 1908, to expire December 31, 1908. Therefore the statute of frauds, if pleaded, was not a defense.

Concededly plaintiff was prevented by defendant from doing, and did not, work under this renewal contract after September, 1908. There was no evidence upon which to base his damages for defendant's said breach, and the $183.32 for that period should not have been allowed. Plaintiff's testimony as to the extra work prior to said breach, $125.40, was not successfully controverted; nor did defendant satisfactorily show that plaintiff failed to perform his part of the contract to the time of the breach. Therefore the $43.64 being the balance at the time of about $46 per month up to September, 1908, after deducting the $40 per month paid, is allowable.

The judgment should be modified, by deducting therefrom the sum of $183.32, and, as so modified, affirmed, without costs to either party of this appeal. All concur.